COMMERCIAL CREDIT CO., INC., v. COOK et al.

(Division B. Oct. 24. 1932.)

[143 So. 863. No. 30182.]

Chambers & Trenholm, of Jackson, for appellant.

E. R. Wall, of Newton, for appellees.

Griffith, J., delivered the opinion of the court.

This case is an attachment in chancery. The principal defendant is alleged in the bill to be a corporation of the

state of Louisiana, and that its principal place of business is in New Orleans in said state. Even if it might be assumed, under such an allegation, and we think it cannot in matter of law be so assumed (Hume v. Inglis, 154 Miss. 481, 122 So. 535), that the post office address of said defendant is New Orleans, the street address of said principal defendant is nowhere given either in the bill or in any separate affidavit, nor is there any allegation that "after diligent search and inquiry said street address cannot be ascertained." Section 2972, Code 1930. In order to maintain an attachment in chancery, the nonresident debtor must be made a party by publication of summons as in other cases. Section 177, Code 1930.

The nonresident defendant made no appearance, and a decree pro confesso on the defective averments as to post office and street address above mentioned was taken. It has been repeatedly held by this court that a strict observance of the statutes in the matter of process by publication is necessary and that, where there has been a failure of such observance, a decree pro confesso is void, unless the nonresident has entered appearance. And, of course, a final decree in a proceeding in attachment in chancery is void where no jurisdiction to proceed to final decree has been acquired either by the appearance of, or by valid process of publication upon, the principal and nonresident defendant.

Three other irregularities appear in the record of the proceedings, but, because the final decree is wholly void for want of jurisdiction of the principal and nonresident defendant, and because the said defendant is not and has never been in court, we deem it as proper to pretermit further discussion.

Reversed and remanded.